### URBACH et al. v. DAHL et ux.
No. 1313.

Third Division.
Feb. 18, 1930.

J. L. Reed, of Seward, for plaintiffs.

L. V. Ray, of Seward, and Carl Almy, of Seldovia, for defendants.

HILL, District Judge.

The above-entitled action is before the court upon the motion of Oscar Dahl, one of the defendants, to strike plaintiffs' complaint on the ground that it is not duly verified. The complaint is verified by J. L. Reed, attorney for plaintiffs, who, as part of the verification, alleges: "I make this verification for and in behalf of plaintiffs for the reason that plaintiffs reside and are now at Seward, Alaska, a distance of about one hundred and fifty miles from Valdez, Alaska, the headquarters of this court." Defendant attacks this verification because it is not in accordance with section 903, Compiled Laws of Alaska; to which the plaintiffs answer that section 903 has been amended by chapter 36, 1929 Session Laws of Alaska, p. 92, and they contend that the verification is in accordance with that chapter. Defendant replies that the amendatory act is void because it is uncertain, ambiguous, and fails to comply with the provisions of section 8 of the Organic Act of the Territory of Alaska (48 U.S.C.A. § 76), in that the title to the amendatory act is insufficient because it does not express the subject of the act. The pertinent provision of section 8, supra, is: "No law shall embrace more than one subject, which shall be expressed in its title." The title to chapter 36, 1929 Session Laws of Alaska, is, "An Act to amend section 903 of the Compiled Laws of Alaska relative to the verification of pleadings."

In the light of the authorities, it is difficult to see any reason for defendant's objection to the title to chapter 36. If the following part of the title, "relative to verification of pleadings," were entirely omitted, the title would still probably be good under the authorities cited in 36 Cyc. title, "Statutes," subtitle, F, "Title of Amendatory Act," p. 1059. Special attention is directed to the dis-

cussion of this subject in Marston v. Humes, 3 Wash. 267, 28 P. 520.

Section 141, Lewis' Sutherland Statutory Construction, (2d Ed.) vol. 1, p. 239, says: "It is held by a great majority of cases that it is sufficient for the title of an act to amend a code or revision to specify the section to be amended, without giving the title of the chapter or division to which it belongs, or in any way indicate the subject matter of the section."

Certainly the title to the act under discussion goes far beyond this requirement. I hold that the title to chapter 36 is sufficient, and I see no such uncertainty or ambiguity in the chapter itself as warrants me in holding it void.

█ However, in making the verification, the attorney for plaintiffs did not set forth exactly a condition which justified him in verifying the complaint under the terms of chapter 36. Evidently he attempted to bring himself within the following provision of the act: "The verification must be made by the affidavit of the party, or, if there be several parties united in interest and pleading together, by one, at least, of such parties, if such party or parties be present at the place where the affidavit of verification is made; otherwise the affidavit may be made by the agent or attorney of the party." The verification before the court does not show that none of the parties plaintiff were at the place where the verification was made. It does not show where the verification was made nor where the parties plaintiff were. It simply says: "That the plaintiffs reside and are now at Seward, Alaska, a distance of about one hundred and fifty miles from Valdez, Alaska, the headquarters of this court." It does not follow that the verification may not have been made at Seward. The probability is, since the complaint was filed at Valdez, that the verification was made at Valdez, but that probability is not made certain by the verification itself, and therefore I shall allow the plaintiffs ten days within which to file amended verifica-

tion in this action to their complaint, and, in default of so filing such amended verification, the complaint will be stricken.